IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILFORD LEE,

      Plaintiff,

    v.                               Civil Action No. 3:24cv395

D. STANTON, *et al.*,

      Defendants.

## MEMORANDUM OPINION

Gilford Lee, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this

42 U.S.C. § 1983 action.[1] Lee names as Defendants:  D. Stanton, an inmate hearing officer;

Larry T. Edmonds, the Warden at Buckingham Correctional Center ("BCC"); and Adrian

Tucker, a Regional Administrator for the Virginia Department of Corrections ("VDOC")

(collectively, "Defendants").  (ECF No. 1, at 1.)  The matter is before the Court on the Motion to

Dismiss filed by Defendants.  (ECF No. 20.)  The Court provided Lee with appropriate *Roseboro*

notice.[2] (ECF No. 22.)  Lee has responded.  (ECF No. 24.)  For the reasons set forth below, the

Motion to Dismiss will be GRANTED.[3]

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an action
> at law . . . .

42 U.S.C. § 1983.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] The Court corrects the capitalization, punctuation, and spelling the quotations to Lee's
submissions.  The Court employs the pagination assigned by the CM/ECF docketing system.

## I. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

2

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

In July of 2023, Lee was incarcerated in BCC. (ECF No. 1-1, at 2.) On July 23, 2023, during a search of Lee's cell, VDOC officials discovered a sharpened instrument and a cell phone. (ECF No. 1-1, at 2.) Lee's cellmate, T. Chisholm, immediately claimed ownership of the contraband. (ECF No. 1-1, at 2.) Nevertheless, both Lee and Chisholm were charged with possession of the contraband. (ECF No. 1-1, at 2.) Chisholm pled guilty to the institutional charges. (ECF No. 1-1, at 2.)

On August 7, 2023, Inmate Hearing Officer ("IHO") Stanton found Lee guilty of the two charges related to the possession of contraband. (ECF No. 1-1, at 3.) According to Lee, VDOC policy states, "if there is contraband found in a common area of the cell that (2) two people can control, if one person takes ownership of said contraband, then the other person can not be found guilty."[4] (ECF No. 1-1, at 3.) Lee contends that Defendants Larry Edmonds and Adrian Tucker

---

[4] Although Lee represents he is quoting an official VDOC policy, he fails to provide a citation that would allow the Court to confirm his representation of the parameters of this policy. In any event, the existence of this policy is ultimately irrelevant to the resolution of Lee's constitutional claims.

3

violated his Eighth Amendment[5] rights and his right to due process[6] by upholding the decision to find him guilty despite the fact that it violated policy. (ECF No. 1-1, at 3.) Because of this institutional conviction, Lee was moved from BCC, a Level 3 security facility, to Wallens Ridge, a Level 5 security facility. (ECF No. 1-1, at 3; ECF No. 1, at 5.) When Lee was moved to Wallens Ridge, he was assaulted because of his sexuality. (ECF No. 1-1, at 3.)

Lee contends that:

| | |
|---|---|
| Claim One | Defendants violated his rights under the Eighth Amendment by convicting him of the above-described institutional offenses and transferring him to a higher security level institution. |
| Claim Two | Defendants violated his right to due process by convicting him of the above-described institutional offenses and transferring him to a higher security level institution. |

### III. Analysis

#### A. Eighth Amendment

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

---

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

"In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. "[G]eneral knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2). Lee has not alleged facts that indicate any Defendant was aware that his conviction and transfer posed a substantial risk of serious harm to his person. *Farmer*, 511 U.S. at 837. Accordingly, Lee's Eighth Amendment claim will be DISMISSED.

**B. Alleged Deprivation of Due Process**

The Due Process Clause applies when government action deprives an individual of a

legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569

(1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the

alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)

(citations omitted). A liberty interest may arise from the Constitution itself, or from state laws

and policies. *See Wilkinson v. Austin*, 545 U.S. 209, 220–21 (2005). As explained below, Lee

fails to demonstrate that the Defendants' action affected any protected liberty interest.

**1. No Liberty Interest under the Constitution**

"The Due Process Clause standing alone confers no liberty interest in freedom from state

action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995)

(quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). "[C]hanges in a prisoner[']s location,

variations of daily routine, changes in conditions of confinement (including administrative

segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and

which] are contemplated by his [or her] original sentence to prison . . . ." *Gaston v. Taylor*, 946

F.2d 340, 343 (4th Cir. 1991). The Due Process Clause does not "in and of itself protect a duly

convicted prisoner against transfer from one institution to another within the state prison

system." *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

**2. No State Created Liberty Interest**

Demonstrating the existence of a state-created liberty interest, requires a "two-part

analysis." *Prieto v. Clarke*, 780 F.3d 245, 249 & n.3 (4th Cir. 2015) (quoting *Tellier v. Fields*,

280 F.3d 69, 80 (2d Cir. 2000)). First, a plaintiff must make a threshold showing that the

deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably

6

affect[s] the duration of his sentence." *Sandin*, 515 U.S. at 484, 487 (1995); *see Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases).[7] If the nature of the restraint the plaintiff challenges meets either prong of this threshold, the plaintiff must next show that Virginia's statutory or regulatory language "grants its inmates . . . a protected liberty interest in remaining free from that restraint." *Puranda*, 2009 WL 3175629, at *4 (alteration in original) (quoting *Abed v. Armstrong,* 209 F.3d 63, 66 (2d Cir. 2000)).

Here, Lee was confined in BCC, a Level 3 security facility and was thereafter transferred to Wallens Ridge, a Level 5 security facility. Lee must allege facts that suggest that such a transfer imposes an atypical and significant hardship. He has not done so. Indeed, courts in the Western District of Virginia have concluded that transferring an inmate to Wallens Ridge does not impose an atypical and significant hardship. *See id.*; *Vicars v. Clarke*, No. 7:20cv00152, 2021 WL 276168, at *4 (W.D. Va. Jan. 27, 2021); *Bayadi v. Clarke*, No. 7:15cv00575, 2017 WL 664045, at *4 (W.D. Va. Feb. 17, 2017). Furthermore, Lee "fails to direct the court to any Virginia statutory or regulatory language that gives rises to a protected liberty interest in his [avoiding] transfer to [Wallens Ridge] . . . ." *Vicars*, 2021 WL 276168, at *4. Accordingly, because Lee does not enjoy a protected liberty interest in avoiding transfer to Wallens Ridge, he

---

[7] With respect to the *Sandin* threshold analysis, the Court must first "determine what the normative 'baseline' is: what constitutes the 'ordinary incidents of prison life' for *this particular inmate*?" *Incumaa v. Stirling*, 791 F.3d 517, 527 (4th Cir. 2015) (citing *Prieto*, 780 F.3d at 253). Second, "with the baseline established, [the Court] determine[s] whether the prison conditions impose atypical and substantial hardship in relation to that norm." *Id.* (citing *Prieto*, 780 F.3d at 254). For example, "both the U.S. Supreme Court and the Fourth Circuit Court of Appeals have recognized that inmates may have a constitutionally protected liberty interest in avoiding assignment to a "Supermax" prison, *see Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005); *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023), this right is based on the atypical and significant hardship imposed by the particular institutions." *Johnson v. Chaffin*, No. 7:23cv00229, 2024 WL 3555379, at *4 (W.D. Va. July 25, 2024), *aff'd*, No. 24-6858, 2025 WL 800236 (4th Cir. Mar. 13, 2025).

cannot state a due process claim related to the procedures that led to that transfer. Lee's due process claim will be DISMISSED.

### IV. Conclusion

The Motion to Dismiss (ECF No. 20) will be GRANTED. Claims One and Two will be DISMISSED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 10/21/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

8